UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HERIBERTO SOTO, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-06-1465
:
CORRECTIONAL OFFICER DOMINIC, : (Judge Kosik)
:
    Defendant :

## Memorandum and Order

### Background

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Heriberto Soto, an inmate presently confined at the Lackawanna County Prison, Pennsylvania. Named as defendant is Correctional Officer Dominic, an employee at the Lackawanna County Prison. Plaintiff alleges that on July 22, 2006, C.O. Dominic refused to give him a meal. (Doc. 1, Compl. at 2.) For the reasons outlined below, Soto will be granted in forma pauperis status for the sole purpose of filing the instant action, but the complaint will be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)  Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ."  Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles.  In Rule 12(b)(6) analysis, the court must accept the veracity of a plaintiff's factual allegations.  <u>White v. Napoleon</u>, 897 F.2d 103, 106 (3d Cir. 1990).  "The test for reviewing a 12(b)(6) motion is whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief."  <u>Simon v. Cebrick</u>, 53 F.3d 17,19 (3d Cir. 1995).

In order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir.), <u>cert. denied</u>, 516 U.S. 858 (1995).  It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . Personal involvement may be shown through allegations of personal

2

direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Soto claims that Defendant Dominic's failure to provide him with a meal on July 22, 2006 subjected him to cruel and unusual punishment in violation of the Eighth Amendment. In order to state a viable Eighth Amendment claim, an inmate must allege that a condition of confinement is so reprehensible as to be deemed inhumane under contemporary standards or one that deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). An Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In prison condition cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id.

As noted above, Soto solely contends that he was not provided with a meal on July 22, 2006. There is no basis to conclude that the denial of food on this one occasion created a substantial risk of serious injury as contemplated by Farmer. This purported deprivation is simply not of such magnitude as to rise to the level of an Eighth Amendment violation. See Robles v. Coughlin, 725 F.2d 12, 15 (2nd Cir.

1983)(only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim); Warren v. Irvin, 985 F. Supp. 350 (W.D. N.Y. 1997); Williams v. Berge, 2002 WL 32350026 *2 (W.D. Wis. 2002).  Therefore, the complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**ACCORDINGLY, THIS 31st DAY OF JULY, 2006, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff is granted in forma pauperis status for the sole purpose of filing this complaint.

2. The complaint is dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to close this case.

4. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.


                                        s/Edwin M. Kosik
                                        United States District Judge